ORIGINAL

Priority
Send
Clsd
Enter
JS-5/JS-6
JS-2/JS-3

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES-GENERAL**

**Case No.:** CV 02-7187-GHK(SHSx) **Date:** December 10, 2002

**Title:** **Harmony Gold v. Sunwards**

==========================================================

**DOCKET ENTRY**

==========================================================

**PRESENT:** **Hon. George H. King, U.S. DISTRICT JUDGE**

Beatrice Herrera — Deputy Clerk

None — Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFF:** None

**ATTORNEYS PRESENT FOR DEFENDANT:** None

**PROCEEDINGS:** **(In Chambers): Motion to Dismiss**

This matter is before the court on the above-titled motion. This motion is appropriate for resolution without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. After fully considering the briefs and papers pertaining to this matter, we rule as follows:

Plaintiff Harmony Gold filed a complaint on September 13, 2002, which included a claim for copyright infringement against Defendant Sunwards. Plaintiff claims Sunwards infringed upon its copyright of an animated television series called Macross. This series, featuring "futuristic animation and 'transforming' mechanical robot characters, vehicles and weaponry for extraterrestrial combat," Def.'s Motion, at 3, was created by a consortium of studios in Japan, which included Tatsunoko Production Company. Complaint, at ¶ 7. Harmony Gold was assigned "exclusive and irrevocable rights" to exploit the copyright in the Macross series in the United States from Tatsunoko. Def. Motion, at 3. On March 28, 1985 Harmony Gold and Tatsunoko Production together filed a certificate of copyright registration with the U.S. Copyright office. Complaint, Exh. B.

Sunwards now moves to dismiss the copyright infringement claim on the grounds that it fails to state a claim upon which relief could be granted. See Fed. R. Civ. P. 12(b)(6).

In its motion to dismiss, Sunwards claims Harmony Gold

ENTERED ON ICMS
DEC 11 2002
CV

11

failed to plead both elements necessary for a copyright infringement claim: (1) ownership and (2) infringement. For the following reasons we **DENY** Sunwards' motion.

1. Ownership

Sunwards argues Plaintiff's complaint does not assert a proper basis for claiming ownership because Plaintiff provides no evidence that an agreement exists giving Tatsunoko the intellectual property rights it assigned to Harmony Gold. See Def. Mot., at 3.

To assert a claim for copyright infringement, plaintiff must show that it has title to the copyright at issue. Here, a distinction must be observed between a plaintiff who, as assignee of the copyright, first registered a claim of statutory copyright in his or her name, and a plaintiff who was merely an assignee of a previously registered copyright. When the plaintiff is an assignee of the copyright and has registered a claim of statutory copyright in its name, that registration serves as prime facie evidence of ownership. See Nimmer on Copyright § 12.11[C]. The burden then shifts to the defendant to controvert plaintiff's title. Thus, Sunwards' assertion that Plaintiff must provide evidence of Tatsunko's right to assign is inaccurate.

Harmony Gold has presented prima facie evidence of ownership by attaching to its complaint a copy of a copyright registration with its name on it. Sunwards does not controvert this presumption of ownership with its own evidence. Therefore, Plaintiff has sufficiently pled the first element of a copyright infringement case.

2. Infringement

Sunwards next argues that plaintiff has failed to plead infringement because Plaintiff did not plead that the defendant had access to the infringed work, or that defendant's work is substantially similar to the copyrighted work. Sunwards cites Frybarger v. IBM Corp., 812 F.2d 529 (9th Cir. 1987) for this proposition. In response, Plaintiff asserts infringement can be proven with either direct or circumstantial evidence. Allegations of infringement need not contain the theory by which a plaintiff plans to prove his or her claim. Access and substantial similarity are evidentiary facts, which need not be alleged at the pleading stage.

Sunwards' reliance on Frybarger is misplaced. Frybarger was a summary judgment case, where proof of infringement must be

shown. Here, at the pleading stage, a plaintiff need only allege infringement. Plaintiff has satisfied the liberal pleading requirements of Rule 8.

3. Motion for a More Definite Statement

Sunwards also requests that we order plaintiff to provide a more definite statement. We decline to do so. Under Fed. R. Civ. P. 8, plaintiff must provide a "plain and concise" statement of the claim. Plaintiff here has done so. A motion for a more definite statement attacks the unintelligibility of the complaint, not simply lack of detail. QTL Corp v. Lakeshore Learning, U.S. Dist. LEXIS 10670, * 4 (N.D. Cal. Feb. 2, 1998). When detail sought is obtainable through discovery, the motion should be denied. Id., at *5.

For the foregoing reasons, Defendant's motion to dismiss and motion for a more definite statement are **DENIED.** Defendant shall answer the complaint within ten (10) days hereof.

**IT IS SO ORDERED.**

MINUTES FORM 11
CIV - GEN

Initials of Deputy Clerk ________